No. 23-3288

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| ERIC BLACKMON, | ) |
| | ) |
| Plaintiff-Appellee | ) Appeal from the United States |
| | ) District Court, Northern District of |
| v. | ) Illinois, Eastern Division |
| | ) |
| GREGORY JONES, JAMES SANCHEZ, | ) Case No. 19 C 0767 |
| and EUGENE SCHLEDER, | ) |
| | ) Hon. Lindsay C. Jenkins |
| Defendants-Appellants, | ) |
| | ) |
| CITY OF CHICAGO, | ) |
| | ) |
| Defendant. | ) |
| | ) |

### PLAINTIFF-APPELLEE ERIC BLACKMON'S
### CIRCUIT RULE 3(c)(1) DOCKETING STATEMENT

Plaintiff-Appellee, Eric Blackmon, by his undersigned counsel, submits this Docketing Statement pursuant to Seventh Circuit Rule 3(c)(1).

1. Defendants-Appellants' statements concerning this Court's appellate jurisdiction in their Docketing Statement (Dkt. 5) and supplemental Jurisdictional Statement (Dkt. 9) are incomplete and incorrect. This Court lacks jurisdiction to hear Defendants-Appellants' collateral-order appeal. Accordingly, Plaintiff-Appellee Eric Blackmon respectfully requests that the Court dismiss the appeal.

2. "A denial of summary judgment is generally an unappealable interlocutory order because it is not a 'final decision' for purposes of 28 U.S.C. § 1291."

1

*Gant v. Hartman*, 924 F.3d 445, 448 (7th Cir. 2019) (quoting *Ortiz v. Jordan*, 562 U.S. 180, 188 (2011)). While there is a narrow exception for interlocutory appeals based on the denial of qualified immunity, *id.*, a denial of qualified immunity can be appealed *only* "to the extent that it turns on an issue of law." *Mitchell v. Forsyth,* 472 U.S. 511, 530 (1985). When the district court concludes that factual disputes prevent the resolution of a qualified immunity defense, "these conclusions represent factual determinations that cannot be disturbed in a collateral-order appeal." *Gant*, 924 F.3d at 448 (quoting *Jones v. Clark*, 630 F.3d 677, 681 (7th Cir. 2011)). The Court of Appeals cannot "use an interlocutory appeal to second-guess the district court's conclusion that material facts are disputed." *Id.* at 450.

3.　　In its order denying summary judgment, the District Court expressly found that resolution of the question of qualified immunity depends on disputed issues of fact. (D. Ct. Dkt. 202 at 44-48.) After a lengthy discussion about the factual disputes related to qualified immunity, the District Court stated that its "denial of qualified immunity hinges on the disputed factual record." (*Id.* at 48; *see also id.* at 46 ("If Defendants' qualified immunity depends on which version of the facts is true, it must be denied at the summary judgment stage…. Such a factual dispute exists here.").

4.　　Defendants-Appellants state that this Court has jurisdiction over this appeal because "[a] defendant may take an interlocutory appeal of a ruling denying qualified immunity." (Dkt. 5 at 2-3; Dkt. 9 at 2-3.) But they fail to state that denials of qualified immunity are appealable under 28 U.S.C. § 1291 only when those

decisions "turn[] on an issue of law." *Forsyth*, 472 U.S. at 530.  Nor do Defendants-Appellants state—because they cannot—the District Court's qualified immunity decision in this case involved a "purely legal argument that does not depend on disputed facts."  *Gant*, 924 F.3d at 448.  The District Court's ruling explicitly states that the denial of qualified immunity was based on factual disputes.

     5.     Because the narrow exception authorizing interlocutory appeal of the denial of qualified immunity does not apply here, Defendants-Appellants' improper collateral-order appeal should be dismissed for lack of jurisdiction.  *Id.* at 451.

Dated:  December 20, 2023                Respectfully submitted,

                                                 /s/  Ronald S. Safer

                                                 Ronald S. Safer (rsafer@rshc-law.com)
                                                 John K. Theis (jtheis@rshc-law.com)
                                                 Sarah E. Finch (sfinch@rshc-law.com)
                                                 RILEY SAFER HOLMES & CANCILA LLP
                                                 70 W. Madison Street, Suite 2900
                                                 Chicago, Illinois 60602
                                                 (312) 471-8700 (tel)
                                                 (312) 471-8701 (fax)

                                                 *Attorneys for Plaintiff-Appellee Eric Blackmon*

## **CERTIFICATE OF SERVICE**

I certify that on December 20, 2023, I electronically filed a copy of the foregoing document using the Court's CM/ECF system, which will automatically generate notice of this filing to all Counsel of Record.

/s/ <u>Sarah E. Finch</u>